## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## ANN ARBOR DIVISION

| | |
|---|---|
| MARK SINCLAIR, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:21-cv-11743 |
| ONLINE INFORMATION SERVICES, INC. f/k/a EASTERN NORTH CAROLINA CREDIT BUREAUS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## **COMPLAINT**

NOW comes MARK SINCLAIR ("Plaintiff"), by and through the undersigned, complaining as to the conduct of ONLINE INFORMATION SERVICES, INC. f/k/a EASTERN NORTH CAROLINA CREDIT BUREAUS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4.  Plaintiff is a consumer over 18 years of age residing in Dundee, Michigan, which lies within the Eastern District of Michigan.

5.  Defendant is a third party debt collector holding itself out as "the nation's leading developer of credit risk assessment and debt recovery solutions."[1] Defendant is a corporation organized under the laws of the state of North Carolina with its principal place of business located at 685 West Fire Road, Winterville, North Carolina.

6.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] https://www.onlineis.com/start/

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.  The instant actions arises out of Defendant's attempts to collect upon a consumer debt ("subject debt") said to be owed by Plaintiff.

9.  The subject debt stems from Plaintiff's purported past due payments in connection with his gas utility bill with Michigan Gas Utility ("MGU").

10.  Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was turned over to Defendant for collection purposes.

11.  On or about April 26, 2021,  Defendant sent or caused to be sent to Plaintiff a collection letter attempting to collect upon the subject debt.

12.  Although this letter is dated in April 2021, Plaintiff did not receive the letter until sometime in May 2021.

13.  This collection letter was the first communication Plaintiff received from Defendant in connection with the subject debt.

14.  The collection letter provides various disclosures required to be provided, as well as a disclosure that Defendant furnishes information to the national credit reporting agencies.

15. The subject debt was not being reported on Plaintiff's credit report upon receiving Defendant's collection letter.

16. Plaintiff did not recognize Defendant, nor did he immediately recall owing any debt to MGU, and so Plaintiff contacted Defendant regarding the subject debt in early March 2021.

17. Upon speaking with Defendant, Plaintiff disputed the subject debt and similarly requested validation of the subject debt.

18. Plaintiff wanted to address the subject debt if it were due and owing, especially in order to avoid Defendant furnishing any negative information to any credit bureaus, but wanted more information before doing so.

19. In response to Plaintiff's request for validation, Defendant advised that it would provide such validation.

20. Approximately a week after first requesting validation, Defendant had not yet sent anything to Plaintiff validating the subject debt, which concerned Plaintiff and caused Plaintiff to follow up regarding his request for validation.

21. Upon speaking with Defendant yet again, Defendant acknowledged Plaintiff's previous dispute and request for validation and advised that such validation would be provided.

22. Plaintiff therefore patiently waited for Defendant to provide the validation.

23. However, rather than provide Plaintiff the validation requested, on or about June 16, 2021, Defendant reported the subject debt on Plaintiff's credit reports.

24. Plaintiff became extremely frustrated and distressed that the subject debt was reported on his credit by Defendant without providing Plaintiff the validation he had repeatedly requested and which Defendant repeatedly advised would be provided.

25. Had Defendant provided such validation, as represented, prior to reporting the subject debt, Plaintiff would have sought to address the subject debt which would have obviated the need for Defendant to report the subject debt.

26. However, Defendant strung Plaintiff along, preventing him from addressing the subject debt, only to turn around and cause Plaintiff significant damage in the form of reporting an obligation which would not have been reported but-for Defendant's conduct.

27. Furthermore, Defendant's actions were generally inconsistent with Plaintiff's dispute and validation rights afforded under the FDCPA.

28. By acknowledging Plaintiff's request for validation and explicitly informing Plaintiff such validation would be provided, and then reporting the subject debt before providing such validation, Defendant overshadowed and acted inconsistently with Plaintiff's dispute and validation rights.

29. Pursuant to 15 U.S.C. § 1692g(b), a debt collector is required to, after receiving a dispute and request for validation, cease all collection activity, including

credit reporting a debt which has not already been reported,   until the debt collector provides such validation.

30.  Here, Defendant acted inconsistent with, and overshadowed, Plaintiff's rights by making Plaintiff believe his *oral* dispute and request for validation was sufficient to trigger Defendant's obligations under the FDCPA, when in fact Defendant presumably delayed responding to Plaintiff's dispute since it was not in writing.

31. Defendant deceptively obfuscated the nature of Plaintiff's rights, as it could've informed Plaintiff that his dispute must be in writing – but instead Defendant sought to assuage Plaintiff's concerns by informing him validation would be provided, only to turn around and report the subject debt on Plaintiff's credit report without providing any validation.

32. Frustrated and confused over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, resulting in expenditure of time and accrual of resources.

33. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, decreased credit score, deprivation of the ability to secure financing or other credit opportunities, being subjected to unnecessary collection efforts, as well as a violation of his state and federally protected interests – interests which were put at a material risk of harm stemming from Defendant's conduct.

6

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

36. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

37. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and is further a business whose principal purpose is the collection of debts.

38. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d

39. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

40. Defendant violated § 1692d when it abusively failed to provide Plaintiff validation of the subject debt prior to reporting the subject debt to the credit bureaus. Defendant knew Plaintiff was actively seeking to address the subject debt but that

he wanted proof the debt was owed before making any payment, yet nevertheless abusively dragged its feet without providing validation to Plaintiff. Defendant thus reported the subject debt to the credit bureaus in an abusive attempt to compel Plaintiff to make payment even though Plaintiff questioned the nature and extent of his liability on the subject debt.

### b. Violations of FDCPA §1692e

41. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

43. Defendant violated §1692e and e(10) through the misleading nature of Defendant's collection conduct. Throughout the parties' dealings, Defendant repeatedly and deceptively represented to Plaintiff that it would provide validation of the subject debt, yet nevertheless reported the subject debt on Plaintiff's credit without providing such validation. Such conduct deceptively and misleadingly obfuscated the nature of Plaintiff's rights and available options in response to Defendant's collection efforts in a manner that resulted in Plaintiff suffering significant harm.

### c.  Violations of FDCPA §1692f

44. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

45. Defendant violated §1692f when it unfairly reported the subject debt on Plaintiff's credit report without providing the requested validation. Defendant was aware that Plaintiff was actively seeking information regarding the subject debt, and even explicitly informed Plaintiff it would provide the requested validation. However, rather than provide that validation and allow Plaintiff to assess his liability and determine whether making payment was appropriate, Defendant instead simply reported the subject debt without providing validation of the same.

### d.  Violations of FDCPA § 1692g(b)

46. The FDCPA, pursuant to 15 U.S.C. § 1692g(b), provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

47. Defendant violated § 1692g(b) when it acted inconsistent with, and overshadowed, Plaintiff's dispute and validation rights under the FDCPA. As discussed above, in response to Plaintiff's oral dispute and request for validation, Defendant advised that it would provide that validation. In so doing, Defendant overshadowed and acted inconsistently with the extent to which Plaintiff's dispute

had to be submitted *in writing* in order to trigger Defendant's obligations under §

1692g(b), including cessation of collection effort until validation was provided. Had

Defendant acted consistently with Plaintiff's dispute and validation rights, it would

have either informed Plaintiff that his dispute had to be submitted in writing, or

otherwise refrained from reporting the subject debt until it provided the validation

in connection with Plaintiff's oral dispute. Defendant did neither, which resulted in

Defendant overshadowing and acting inconsistently with Plaintiff's dispute and

validation rights.

WHEREFORE, Plaintiff, MARK SINCLAIR, respectfully requests that this

Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate
    the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15
    U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as
    provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15
    U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and
    appropriate.

## COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

50. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

51. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### a. Violations of M.C.L. § 339.915(f)(ii)

52. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

53. Defendant violated M.C.L. § 339.915(f)(ii) through its deceptive and misleading representations regarding Plaintiff's dispute and validation rights as well as Defendant's own obligations in response to such disputes.

### b. Violations of M.C.L. § 339.915(q)

54. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

55. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Upon information and belief, Defendant lacks any procedures designed to insure that its employees are following up on their word and otherwise failing to engage in deceptive or misleading conduct.

WHEREFORE, Plaintiff, MARK SINCLAIR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1).

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2).

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 28, 2021                    Respectfully submitted,


s/ Ahmad T. Sulaiman

Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com